# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3723 | **DATE** | 3/27/2000 |
| **CASE TITLE** | Burke, et al. vs. Local Pension Plan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Plaintiff's Motion for Class Certification (doc. #17) is **DENIED**.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 2 8 2000 date docketed | 38 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| JHC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**

**MAR 28 2000**

| | |
|---|---|
| JULIA F. BURKE, et al., individually & on behalf of classes herein specified, Plaintiff, | ) ) ) ) |
| v. | ) ) ) |
| LOCAL 710 PENSION FUND, et al. Defendants. | ) ) ) |

CAUSE NO. 98C3723

JUDGE WILLIAM J. HIBBLER

## MEMORANDUM AND ORDER

This Court has before it Plaintiff's Motion for Class Certification (doc. #17). Plaintiffs Burke and Jones have filed the present putative class action against the 710 Pension Plan ("Pension Plan") alleging that Pension Plan violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., ("ERISA") when it failed to credit the plan participants with reciprocal service credit and failed to properly collect contributions from the participants' employers. Plaintiffs now move for class certification pursuant to Fed.R.Civ.P. 23. For the reasons set forth below, this Court **DENIES** Plaintiffs' motion.

## BACKGROUND

This matter arises out of the Pension Plan's handling practices regarding Plaintiffs Burke and Jones' claims for pension benefits. Plaintiff Burke is the surviving widow of Clarence T. Burke who died in 1976. In 1997, Burke applied for survivor's pension benefits. The Pension Plan's Administrator then informed Burke that the records failed to identify her husband as being a member of the union or the Pension Plan. Burke then sent a letter to the Pension Plan which stated that her husband had been a member of Local 705 and 710. After investigation, the Pension Plan discovered that Clarence Burke

1

38

had been a member of Local 705, and therefore, denied benefits because Clarence Burke had never been a member of the Local 710 Pension Plan. Plaintiff Jones is before this Court in an attempt to recover pension contributions which were made on his behalf. Plaintiff appeals the fund trustee's decision to deny pension benefits. The reason for the denial is because he had earned eight years of pension credit, yet ten years were required for vesting. The Pension Plan also rejected Jones' challenge to the application of the deferred vested pension survivor benefits. In his appeal, Jones failed to exhaust his administrative remedies with respect to coverage under the Local 705 Plan. Meanwhile these same issues are being litigated in another court. In *Helms v. Local 705 Pension Plan*, No. 97 C 4788, Judge Pallmeyer issued a summary judgment opinion discussing the reciprocal and deferred vested benefit issue.[1] Judge Pallmeyer granted summary judgment in the plaintiffs' favor holding that Local 705's exclusion practices were unlawful. In this case, Plaintiffs' First Amended Complaint alleges that the plan participants were not properly credited with reciprocal service, the plan participants did not receive service credit, and the trustees breached their fiduciary duties. Plaintiffs now seek to certify two classes under the complaint.[2]

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiffs request an order determining that this cause of action proceed as a class action against

---

[1] The *Helms* suit is a class action brought against Local 705. Both Burke and Jones are members of the class, and Local 710 Pension Plan is a joined defendant.

[2] The two classes are,
    Class A: Each participant in the 710 Pension Plan, and each such participant's respective spouse or beneficiaries, as applicable, who failed to receive service credit for any period of time for which there is a claim by the 710 Pension Plan that such participant's employer failed to make contributions on his or her behalf while such participant was a member of the Local 710 collective bargaining unit doing bargaining unit work, and
    Class B: Each participant in the 710 Pension Plan, and each participant's respective spouse or beneficiaries, as applicable, who did not receive reciprocal service credit for a deferred vested pension, or in the event of the death of a participant prior to retirement, a surviving spouse pension.

2

the defendants. Plaintiffs assert that they have met the requirements of Rule 23 of the Federal Rules of Civil Procedure. They further claim that a class action is the appropriate tool for the adjudication of this action. Defendants maintain that Plaintiffs have failed to meet the requirements of Rule 23, and therefore, this Court should deny the motion for class certification. The defendants allege that the plaintiffs have failed to demonstrate that the claims are numerous, common, and typical. Defendants assert that the plaintiffs lack standing to sue, and that because Plaintiffs primarily seek monetary relief, class certification should be denied under Rule 23(b)(2). Finally, Defendants state that individual questions of law and fact rather than questions common to the class, predominate over this action, rendering class certification inappropriate.

Rule 23 of the Federal Rules of Civil Procedure governs class actions. Where a plaintiff seeks class certification, the court should not consider the merits of the case. *Retired Chicago Police Association v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). Plaintiffs seeking class certification bear the burden of proving the action satisfies the four requirements of Rule 23(a), "the plaintiff must meet the prerequisites of numerosity, commonality, typicality, and adequacy of representation." *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). "All of these elements are prerequisites to certification; failure to meet any one of these precludes certification as a class." *Retired Chicago Police Ass'n*, 7 F.3d at 596; *Harriston*, 992 F.2d at 703. Once the requirements of Rule 23(a) are met, then the plaintiff must satisfy one of the conditions of Rule 23(b). *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977). In this case, the plaintiffs maintain that Rule 23(b)(2) and (3) apply.[3]

---

3    Rule 23(b)(2) requires a showing that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." *Buycks-Robertson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 322, 335 9N.D. Ill 1995).
    Rule 23(b)(3) "requires that questions of law or fact common to the class members

3

Finally, Plaintiffs bear the burden of establishing that class certification is proper. *Retired Chicago Police Ass'n*, 7 F.3d at 596.

### A. RULE 23(a)

#### 1. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P 23(a)(1). The plaintiff must provide some evidence or reasonable estimate of the number of class members, however, if the plaintiff is unable to provide exact numbers, a good faith effort is sufficient to establish the number of class members. *Long v. Thorton Township High Sch. Dist. 205*, 82 F.R.D. 186, 189 (N.D. Ill. 1979). Nonetheless, Plaintiffs' good faith estimate cannot be a mere speculation. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th cir. 1989). In this case, Plaintiffs assert that the numerosity requirement is met. Plaintiffs claim that the Pension Plan consists of thousands of members and that through discovery, the exact numbers of class members will be determined. Plaintiffs claim that joinder is impracticable because the plan members are geographically disbursed. The defendants contest these assertions by claiming that although numerosity exists for Class B, no members exist to make up Class A. Defendants maintain that because Plaintiffs have failed to adduce evidence as to the size of Class A, they have failed to meet the numerosity requirement. This Court agrees with the defendants' assessment and finds that "[a]t most, [Plaintiffs'] class assertion is a conclusory allegation that there must be other class members. Such speculation cannot support class certification." *Perez v. Personnel Board of the City of Chicago*, 690 F. Supp. 670, 673 (N.D. Ill. 1988) (citing *Patterson v. General Motors Corp.*, 631 F.2d 476, 480 (7th Cir.1980).

---

predominate over questions affecting only individual members, and that a class action be superior to other available methods for the fair and efficient adjudication of the controversy." *Demitropoulos v. Bank One Milwaukee, N.A.*, 915 F. Supp. 1399 (N.D. Ill. 1996).

Furthermore,

> a plaintiff cannot satisfy the numerosity requirement without showing that some other person besides himself is similarly situated. As the Court stated in the *Rex v. Owens*, 585 F.2d 432 (10th Cir.1978): there must be presented some evidence of established ascertainable numbers constituting the class in order to satisfy even the most liberal interpretation of the numerosity requirement. In sum, we will not presume numerosity of class membership or, for that matter, any membership in the class on the mere theoretical possibility that such members exist. Indeed, [Plaintiffs'] failure to identify any class members renders impossible a determination as to whether their joinder is impracticable."

*Id.* Accordingly, this Court finds that the first requirement of Rule 23(a) is not met.

## 2. Commonality

Rule 23(a)(2) requires that in order to sustain a class certification, questions of law or fact common to the class must be present. A "common nucleus of operative fact" is generally sufficient to satisfy this second requirement. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The existence of some factual variation between the class members' claims will not preclude certification. *Id.* at 1017. A common nucleus of operative fact is usually found where the defendant has engaged in some standardized conduct toward the proposed class members. *Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 307 (N.D. Ill. 1995) (citing *Franklin v. City of Chicago*, 102 F.R.D. 944, 949-950 (N.D. Ill. 1984)).

Defendants maintain that the plaintiffs have failed to meet the commonality requirement. It is the defendants' contention that questions of fact exist with regard to individual members of the class. Defendants maintain that because the trustees engage in a fact intensive inquiry when deciding whether to grant or deny service credit, the commonality requirement cannot be met. Plaintiff counters this argument by claiming that questions of law and fact common to the potential class predominate over any individual issues raised by the defendants. The plaintiffs list the questions of law and fact which

are common to the class as: (1) whether the defendants failed to provide reciprocal service credit; (2) whether the defendants failed to credit service performed by the participants; (3) whether the defendants failed to collect contributions from employers; (4) whether the trustees breached their duties; (5) whether the class members are entitled to damages and equitable relief; (6) whether the fiduciary defendants should be removed; (7) whether the retirement benefits have been properly calculated, (8) whether the Pension Plan was wrongfully administered; and (9) whether the Pension Plan fiduciaries have complied with ERISA. In other words, Plaintiffs allege that the defendants denied the class members entitlements under the plan. This Court finds that the commonality prong of Rule 23(a)(2) has been met because Plaintiffs have been the low threshold of demonstrating a common nucleus of operative fact.

### 3. Typicality

The issue of typicality is closely related to that of commonality. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citations and internal quotation omitted). Rule 23(a)(3) does not mandate that each proposed class member suffer the same injury as the class representative. *Rosario*, 963 F.2d at 1018; *De La Fuente*, 713 F.2d at 232. Typicality may be found even in instances where "there are factual distinctions between the claims of the named plaintiffs and those of the other class members." *Id.* at 232. "Instead we look to the defendant's conduct and the plaintiff's legal theory to satisfy Rule 23(a)(3). *Rosario*, 963 F.2d at 1018 (citing *De La Fuente*, 713 F.2d at 233). However, colorable defenses unique to the named representative, or to a small subset of the plaintiff class, may render the claims sufficiently atypical of

one another so as to "destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiffs' representation." *J.H. Cohn & Co. v. Am. Appraisal Assoc., Inc.*, 628 F.2d 994, 999 (7th Cir. 1980).

The defendants allege that Plaintiffs' motion for class certification should be denied because Plaintiffs claims are not typical of the classes they seek to represent. Defendants claim that Plaintiff Jones does not have standing to litigate the service credit issued because he made contributions to Local 705, not the Local 710 Pension Plan. Additionally, Defendants argue that Plaintiff Jones failed to exhaust his administrative remedies, and therefore, his claims are not typical of the class. While the Seventh circuit has explained that a "district court may properly require exhaustion of administrative proceedings prior to the filing of a claim involving an alleged violation of an ERISA statutory provision," *Powell v. A.T. & T. Communications, Inc.*, 938 F.2d 823, 826 (7th Cir. 1991), it has also held that this requirement may be excused where recourse to administrative remedies would be futile. *Jenkins v. Local 705 Teamsters Pension Fund*, 713 F.2d 247, 254 (7th Cir. 1983). This Court declines to require exhaustion but Jones fails to prove typicality. Plaintiff Jones alleges that his claims present no unique or personal defenses which would render his claims atypical. However, Defendants claim that Plaintiff Jones lacks standing not only because he failed to exhaust administrative remedies, but also because all contributions made on his behalf were made to Local 705. These defenses are entirely personal and unique to Plaintiff Jones. Likewise with Plaintiff Burke, although she claims that no unique and personal defenses exist as to her representation, Defendants maintain that her right to a pension from the Pension Plan is solely dependent upon whether her husband was ever a participant in the fund. These defenses are certainly not typical of the class, and therefore, this Court finds that Plaintiffs have failed to meet the typicality requirement of Rule 23(a)(3).

Therefore, this Court finds that Plaintiff's claims are not typical of the class as required by Rule 23(a)(3).

### 4. Adequacy of Representation

The final prerequisite of Rule 23(a) is that the named plaintiff be an adequate representative of the class. Defendants do not contest that Plaintiffs will fairly and adequately protect the interest of the class. Therefore, this Court does not address the adequacy of representation, and presumes that Plaintiffs Burke and Jones are adequate representatives.

## B. RULE 23(b)

### 1. Rule 23(b)(2)

Rule 23(b)(2) provides that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). Rule 23(b)(2) generally "is invoked in cases where injunctive or declaratory relief is the primary or exclusive relief sought." *Byucks-Robertson v. Citibank Fed. Save. Bank*, 162 F.R.D. 322, 335 (N.D. Ill. 1995). Therefore, "the primary limitation on the use of Rule 23(b)(2) is the requirement that injunctive or declaratory relief be the predominant remedy requested for the class members." *Doe v. Guardian Life Ins. Co of Am.*, 145 F.R.D. 466, 477 (N.D. Ill. 1992). The traditional standards for granting injunctive relief are; (1) whether the plaintiffs have a reasonable likelihood of success on the merits; (2) whether the plaintiffs have an adequate remedy at law or will be irreparably harmed if the injunction does not issue; (3) whether the injury to the plaintiffs from denying injunctive relief outweighs the harm to the defendants from granting the injunction; and (4) whether the public interest will be served by the injunction. *Plummer v. American Inst. of Certified Public Accountants*, 97 F.3d 220, 229 (7th Cir. 1996) (citing *N.L.R.B. v. Electro-Voice, Inc.*, 83 F.3d

1559, 1567 (7th Cir. 1996), *cert. denied*, 519 U.S. 1055 (1997)).

In this case, Defendants claim that class certification is inappropriate under Rule 23(b)(2) because monetary damages predominate Plaintiffs' claims. Most important to this Court's determination of Rule 23(b)(2)'s applicability is whether injunctive or declaratory relief is the *predominant* remedy requested by the class members. *Doe*, 145 F.R.D. at 477. Although Plaintiffs go to great lengths to plead otherwise, this Court believes that Plaintiffs are primarily seeking monetary damages. Even though "Rule 23(b)(2) does not preclude monetary damages when it is 'either part of the equitable relief granted or is secondary or ancillary to the predominant injunctive or declaratory relief sought'," *Orlowski v. Dominick's Finer Foods, Inc.*, 172 F.R.D. 370, 375 (N.D. Ill. 1997) (quoting *Edmondson v. Simon*, 86 F.R.D. 375, 383 (N.D. Ill. 1980)), in this case, it is clear that the injunctive relief sought is ancillary and the monetary damages are predominant over the claims. Regardless of whether the award of money damages under ERISA is considered equitable or legal, Rule 23(b)(2) does not extend to cases where the appropriate final relief is predominantly money damages. *Harper-Wyman Co. v. Connecticut Gen. Life Ins. Co.*, No. 86 C 9595, 1991 WL 18467, at *3 (N.D. Ill. Feb. 8, 1991). Therefore, certification under Rule 23(b)(2) is inappropriate.

### 2. Rule 23(b)(3)

The plaintiff next proceeds under Rule 23(b)(3), claiming that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The defendants argue that the plaintiffs cannot meet the standard set forth in Rule 23(b)(3) because individual questions of fact affect the putative class members. Additionally, Defendants claim that Class B should not be certified because of the *Helms* litigation pending before

Judge Pallmeyer.

"Considerable overlap exists between Rule 23(a)(2)'s commonality prerequisite and 23(b)(3). Rule 23(a)(2) requires that common issues exist; Rule 23(b)(3) requires that they predominate." *Demitropoulos*, 915 F. Supp. at 1419. However, "while Rule 23(b)(3) is often considered in conjunction with the commonality requirement of rule 23(a)(2), the focus of Rule 23(b)(3) is actually different." *Doe*, 145 F.R.D. at 475. "Whereas (a)(2) addresses the issue of whether Rule 23 has any applicability at all to the law suit, (b)(3) assesses the issue of whether Rule 23 certification will have practical utility in the suit, considering the facts, substantive law, procedural due, and fundamental fairness." *Id.* (quoting *Brown v. Cameron-Brown Co.*, 92 F.R.D. 32, 41-42 (E.D. Va. 1981). Common questions of law or fact will predominate when there is a common course of conduct that leads to injury of all the class members. *Fietsam v. Connecticut Gen. Life Ins. Co.*, No. 93 C 916, 1994 WL 323313, at *5 (N.D. Ill. June 27, 1994). Under Rule 23(b)(3), this Court must determine whether the group seeking class certification seeks to remedy a common legal grievance. *Doe*, 145 F.R.D. at 475. While Plaintiffs succeeded in demonstrating at least one question of law or fact which was common to the class, whether Plaintiffs and class members are entitled to damages and equitable relief, they have failed to demonstrate that these questions predominate over the class members rather than being an individual question which is unique to individual members. Because Defendants "raise various defenses with respect to each named plaintiff in this case which will significantly affect each phases of this litigation from discovery through trial," *Doe*, 145 F.R.D. at 476, this Court finds that Plaintiffs have failed to meet the commonality requirements of Rule 23(b)(3).

Furthermore, Plaintiffs have failed to meet the superiority requirement. Defendants claim that because of a pending class action involving the parties in this case, class certification should be denied.

This Court may consider a number of factors in order to determine whether a class action is the superior means of adjudication in this case. "These factors include the interest of individual members in individually controlling the litigation, the desirability of concentrating the litigation in the particular forum, and the manageability of the class action." *Demitropoulos*, 915 F. Supp. at 1419. As has been stated, Plaintiff Burke and Jones are class members in the *Helms* case and the Pension Fund is a joined defendants. Both Plaintiffs and the Pension Fund will be bound by the ruling in the *Helms* case. In this case, this Court finds that a class action is not a superior means of litigation because,

> (1) Plaintiffs' interest in maintaining this separate cause of action which seeks the same redress as the *Helms* case is not significant; (2) the *Helms* case is already extensively underway; (3) it is highly desirable to concentrate the litigation in one forum; and (4) the possible difficulty in maintaining this class action in the event that both named plaintiffs are dismissed from this suit .

*Doe*, 145 F.R.D. at 475. Therefore, class certification under Rule 23(b)(3) is inappropriate.

## CONCLUSION

For the foregoing reasons, this Court **DENIES** Plaintiffs' Motion for Class Certification (doc. #17).

**IT IS SO ORDERED.**
**DATED:** March 27, 2000

WILLIAM J. HIBBLER, DISTRICT JUDGE